## NIELS N. HEDE v. MINNEAPOLIS CONSTRUCTION COMPANY AND OTHERS.[1]

October 28, 1927.

No. 26,211.

**Refusal to vacate mechanic's lien judgment sustained.**

In an application to open a judgment to permit a defendant, who purchased the property after the plaintiff's lien accrued but before it was filed for record, to answer and interpose a defense, such application being based on the ground of mistake, inadvertence and excusable neglect of his attorney in not filing an answer, the court below, from the showing made, could conclude that plaintiff (the respondent) relied on defendant's (appellant's) default to his, respondent's, prejudice and also that, after knowledge of the entry of judgment, the conduct of appellant and his attorney in obtaining extensions of time by promising payment of the lien prejudiced respondent.

Judgments, 34 C. J. p. 365 n. 67; p. 372 n. 81.

Defendant Andrew Hankowsky appealed from an order of the district court for Hennepin county, Waite, J., denying his motion to vacate a mechanic's lien judgment against him. Affirmed.

*Chester W. Johnson* and *Ben W. Palmer,* for appellant.
*Arthur M. Higgins,* for respondent.

HOLT, J.

Appeal from an order denying appellant's motion to vacate a mechanic's lien judgment as to him, one of the two joint owners of the premises, and permit him to interpose a defense to the lien adjudged Niels N. Hede, the plaintiff in one of the three mechanic's lien actions which were consolidated and tried together and resulted in the judgment.

The defense sought to be interposed is that Hede had executed a waiver of the lien and permitted the then owners of the lot to make use thereof in inducing appellant to purchase the same.

[1] Reported in 215 N. W. 859.

The undisputed facts are:

Niels N. Hede, respondent, had plastered and stuccoed two buildings, one located on lot 3 and the other on the adjoining lot 4 in a certain block in Minneapolis. The job covered both lots and the price was $4,600. To finance the enterprise the owners negotiated a loan of $11,000 upon each lot, and in order to get the money they induced Hede to execute a release of lien acknowledging full payment for the work. When he did this he got a check for $4,600, but it was not honored. About a month thereafter he was paid $1,000, and in December, 1923, another $1,000. Not receiving more he filed his lien. A short time before the time it was filed, the appellant and his wife bought lot 4, the deed running to them as joint tenants. Appellant's claim is that in so buying he relied upon the release mentioned and the assurance by respondent that he had no lien.

Simonson Bros. Manufacturing Company had a lien on lot 3 only and brought an action to foreclose, to which appellant was not a party, he having no interest in that lot, but respondent was made defendant therein. One Ketchen also had liens on both lots and brought an action to foreclose prior to respondent's action, in which respondent was a party defendant as well as both appellant and his wife. Summons therein was duly served on both, but there was no attempt at interposing a defense on the part of either. And although Hede was named a defendant in the Ketchen suit the judgment roll does not contain proof of service on him nor an answer on his behalf.

The three actions were consolidated as authorized by G. S. 1923, § 8501. By stipulation between the attorneys who had filed pleadings in three cases, the main contractor and the owners when the contract was let and the construction of the buildings commenced withdrew their answers and consented to the liens' being established as on default, except that there should be no personal judgment rendered against said contractor or owners, and that any and all liens established should be subject to each of the $11,000 mortgages. No answer had been filed by appellant. The consolidated

cases were tried, findings made and judgment entered decreeing respondent a lien on lots 3 and 4, and also Ketchen, such liens to be co-ordinate, subject only to the two mortgages mentioned. No adjudication at all is made as to the lien of Simonson Bros. Manufacturing Company. The explanation of that is found in an affidavit used on the motion, to the effect that the $11,000 mortgage on lot 3 had been foreclosed and Simonson Bros. Manufacturing Company, to protect its rights, had filed notice of intention to redeem, and did redeem as creditors having a lien on July 21, 1926, before the consolidated lien cases could be tried. The respondent had also filed notice of intention to redeem, but claims that he concluded not to do so since appellant had defaulted and he deemed lot 4 might be adequate, subject to the mortgage thereon, to satisfy his lien.

Matters are further complicated by the fact that appellant's wife was not made a defendant in the action brought by respondent, and the court found that after the liens accrued the lot was conveyed to them as joint tenants. Hence, respondent has no lien on the wife's title and it is now too late to foreclose as to her. It does not seem possible that respondent can assert any lien on the wife's interest by virtue of the fact that in the Ketchen suit she was made a party, and in the judgment, after consolidation of the actions, respondent's lien was decreed co-ordinate with Ketchen's. It would seem that respondent's lien as adjudged is limited to appellant's interest and not to that of his joint tenant, his wife. But be that as it may, she makes no application to vacate the judgment. Her husband, appellant, is the only one, and he asks it simply as to respondent, Hede.

Appellant personally was not free from fault, for, although served with summons in the Ketchen suit where respondent was also a party defendant, before being served in respondent's suit, he did not, so far as the record discloses, notify his attorney, Hoitomt, thereof or employ anyone to answer therein. Hoitomt had been employed to examine the title and investigate as to mechanics' liens when appellant bought the property, and to him he went for advice when he found that liens had been filed, and retained him when

the summons in respondent's suit was served. The inference is that Ketchen as well as all other lien claimants had given lien waivers or releases to the mortgagee in each of the mortgages mentioned (to which mortgagee Hoitomt and appellant's agent were referred when the purchase of the lot was made and where they claim the waivers were exhibited and examined), for the attorneys of all the lien claimants in the consolidated action stipulated that the liens should be adjudged subordinate or subject to the mortgages. The construction of the buildings began long before the mortgages were executed, and the liens were therefore prior unless the priority had been waived.

The application for leave to vacate the judgment and try the validity of respondent's lien as against appellant was of course addressed to the discretion of the court below. The right to relief was predicated upon appellant's mistake, inadvertence and excusable neglect; but the showing is confined to the mistake, inadvertence and neglect of his attorney Hoitomt, except as before indicated. The mistake of the attorney is claimed to be this: That instead of filing an answer, as required by G. S. 1923, § 8500, he mailed the original with a copy to respondent's attorney, requesting admission of service on the original and a return thereof. Hoitomt does not explain his inaction when the original was not returned. Respondent's attorney denies ever receiving any communication from Hoitomt either in the form of an answer or otherwise until after the judgment. The court below could find in favor of respondent on that issue.

Courts are inclined to relieve a client from the mistake or negligence of his attorney. We are not advised for what reason the learned court below denied relief in this case, but the record reveals two matters of considerable weight in favor of respondent. His lien was a joint lien on both lots subject to the mortgages mentioned. It was co-ordinate with the lien of Simonson Bros. Manufacturing Company on lot 3. The mortgage on that lot had been foreclosed and the time for redemption expired July 17, 1926, before the lien cases were reached for trial. Both the Simonson com-

pany and respondent filed intentions to redeem. Respondent could have joined with the Simonson company or, perhaps, have redeemed from it. The Simonson company did redeem. Respondent claims that he relied on the fact that appellant was in default and that holding his lien on lot 4 subject only to the unforeclosed mortgage thereon would protect his claim and interests better than raising a large sum to redeem from the mortgage foreclosure on lot 3. That is, respondent would now be prejudiced were appellant allowed to litigate the lien on lot 4, in that the lien on lot 3 has been cut off, while appellant remained in default.

Another matter is this: Appellant and his attorney Hoitomt ascertained in September or the early days of October (the time is somewhat in dispute) that the judgment had been entered August 25, 1926. The attorney for respondent by affidavit states that there were frequent interviews between himself and Hoitomt looking toward a payment of the judgment, that the sale thereunder was postponed at the request of Hoitomt so that payment might be arranged for, that finally Hoitomt offered to pay half of the lien, which was declined. Then on October 22, 1926, appellant appeared by other attorneys and made the motion to vacate. The conduct of appellant and his attorney Hoitomt has been such that the court below could conclude that prejudice [would] result to respondent were the judgment now vacated for the purpose of litigating a right to a lien on respondent's interest in the premises.

We cannot hold that there appears to have been an abuse of judicial discretion in denying appellant's motion.

The order is affirmed.